## Homer Building and Loan Ass'n et al. v. Kolwold Corp. et al.

*Breitinger & Millar,* for plaintiff; *David S. Malis,* for defendants.

ALESSANDRONI, J., November 12, 1931.—The bill sets forth that the Homer Building and Loan Asscciation is the successor to the Kolsky, Homer and Lavin Building and Loan Associations, and holds a second mortgage in the amount of $150,000 on the Clinton Hotel erected at Tenth and Clinton Streets, Philadelphia; that the property was conveyed to the Kolwold Corporation subject to the aforementioned mortgage and also subject to a first mortgage in the amount of $200,000 held by The Pennsylvania Company for Insurances on Lives and Granting Annuities; that the Kolwold Corporation agreed to allow the plaintiff to examine its books and that any surplus remaining from gross income should be used in reduction of the second mortgage; that the Kolwold Corporation is in reality owned by the individual defendants named in this action and the property was subsequently conveyed by the Kolwold Corporation to The Clinton, a Pennsylvania corporation; the beneficial owners of which were the individual defendants named therein; that default was made on the first and second mortgages, and as a result of the operations of The Clinton, Abe Kolsky & Co. Inc., and the individual parties, the property is rapidly deteriorating and is being dismantled and fixtures and other valuable articles removed therefrom; that waste and spoliation is being committed against the property and that the defendants are insolvent and are conducting the property for their individual use and benefit and to pay their individual debts. The bill prays that the defendants be enjoined from dismantling and removing fixtures and other property from the building, and that a decree be entered declaring that the defendants have committed spoliation and waste to the detriment of creditors and the plaintiffs; that an injunction issue against the defendants restraining them from conveying or collecting the income of the property; and that the creditors be restrained from instituting proceedings against the defendants or their property. The preliminary objections aver that the first mortgagee should be made a party

to the proceedings and that the complainants have an adequate remedy at law.

A second mortgagee can proceed to protect his interest in a property without joining the first mortgagee: Roberts *v.* The Dauphin Deposite Bank, 19 Pa. 71. We see no reason why a second mortgagee cannot proceed to protect his equity and interest in the property, and to prevent the waste and destruction of the equity forming the security for his claim. Should the first mortgagee so desire, he can petition for leave to intervene, as the prevention of waste redounds to his benefit.

With regard to the argument that the plaintiff has an adequate remedy at law, this contention cannot be sustained. See Roberts *v.* The Dauphin Deposit Bank, *supra.* In Witmer's Appeal, 45 Pa. 455, Woodward, J., stated: "To dismantle such an establishment on the eve of bankruptcy is to destroy its customary use and to defraud lien creditors, whether by judgment or mortgage. Though not waste under our statute, it is so at common law, and, like other acts contrary to law, is restrainable in equity."

The jurisdiction of equity to restrain waste is definitely established and this bill, therefore, was properly brought in equity.

And now, to wit, November 12, 1931, the preliminary objections to the bill are overruled and dismissed; defendants to file an answer within fifteen days from the entry of this order.